IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KOBBY GRANT,<br><br>    *Plaintiff*,<br><br>v.<br><br>ANNE ARUNDEL COUNTY POLICE DEPARTMENT, *et al.*,<br><br>    *Defendants* | Case No. 24-cv-2251-ABA |

**MEMORANDUM OPINION**

In July 2022, following a domestic dispute between Plaintiff Kobby Grant ("Grant") and his ex-girlfriend, the Anne Arundel County Police Department ("AACPD") began a months-long investigation into whether Plaintiff had raped his ex-girlfriend. This investigation included AACPD's collection of Plaintiff's DNA. In March 2023, the investigation was closed without charges. Plaintiff has sued the AACPD and Anne Arundel County (collectively, the "County Defendants"), as well as the State of Maryland (collectively, "Defendants"), alleging that the investigation violated several laws, including the Fourth Amendment and the Maryland DNA Collection Act. Defendants filed a motion to dismiss this case for failure to state a claim on which relief can be granted. For the reasons that follow, Plaintiff has failed to state a claim upon which relief can be granted, and the complaint will be dismissed with prejudice.

**I.   BACKGROUND**

At the pleadings stage, the Court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

1

On July 30, 2022, Plaintiff called 911 to report an assault at his home, allegedly by his then-girlfriend, Kirsten Nicole Bell. ECF No. 1 ¶ 1. Three officers responded and arrived at his home and spoke to both Plaintiff and Ms. Bell at length. *Id.* ¶¶ 3-6. Plaintiff ultimately declined to press charges against Ms. Bell, and the officers escorted Ms. Bell out of Plaintiff's home. *Id.* ¶ 7. The next day, on July 31, 2022, Plaintiff was served with a summons relating to a second-degree misdemeanor assault charge and a protective order filed by Ms. Bell, who had alleged that Plaintiff had raped her in the days before the July 30 incident. *Id.*; *see also* ECF No. 1-1; ECF No. 1-2.

On August 1, 2022, Officer Teare of the AACPD contacted Plaintiff to notify him that she was investigating Ms. Bell's rape allegations. ECF No. 1 ¶ 11. Plaintiff agreed to Officer Teare's request that he participate in a formal interview and cooperated with the investigation. *Id.* ¶¶ 11, 13. On September 30, 2022, Officer Teare contacted Plaintiff to notify him that she had obtained a search warrant authorizing her to collect his DNA as evidence in the rape investigation. *Id.* ¶ 16; ECF No. 1-3 (search warrant). Plaintiff complied, and his DNA was collected and stored in a government database. ECF No. 1 ¶¶ 16, 18. Around six months later, in March of 2023, Officer Teare notified Plaintiff that the rape investigation was closed without charges. *Id.* ¶ 17.

During the investigation, and after it was closed, Plaintiff filed several complaints with the AACPD regarding its handling of his case. On August 1, 2022, a day after Plaintiff was charged with second-degree assault, Plaintiff filed a complaint for being charged "without evidence or proof of committing a crime." *Id.* ¶ 10. Plaintiff also filed a separate complaint alleging that the AACPD was engaging in discrimination due to its "White Police Officers and Detective siding with a White female accuser against a Black man despite lack of evidence and inconsistencies with Ms. Bell's statements." *Id.* ¶ 20.

On March 30, 2023, Plaintiff filed a complaint with the AACPD and stated his "intention to file a lawsuit against AACPD and Anne Arundel County Government." *Id.* ¶ 19.

On August 2, 2024, Plaintiff filed this case against Defendants AACPD, Anne Arundel County, and the State of Maryland.[1] The specific counts are discussed below. As noted, Defendants filed motions to dismiss this case. ECF No. 15 (State of Maryland and the Office of Attorney General for the State of Maryland ("State Defendants"); ECF No. 19 (Defendants AACPD and Anne Arundel County's ("County Defendants"). Plaintiff responded to both motions, ECF No. 21, and all Defendants replied. ECF No. 22; ECF No. 23.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a defendant asserts that, even assuming the truth of the alleged facts, the complaint fails "to state a claim upon which relief can be granted," the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). At the pleadings stage, the Court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King*, 825 F.3d at 212.

---

[1] Because Plaintiff brought this action *pro se*, the Court must liberally construe his pleadings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, the Court cannot "conjure up questions never squarely presented" or construct Plaintiff's arguments itself. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Therefore, while no technical forms of pleadings are required, *see Simmons v. United States*, 551 U.S. 89, 94 (2007) (per curiam), a *pro se* litigant must "fairly put a defendant on notice of the claims being asserted and the essential bases therefor." *Engle v. United States*, 736 F. Supp. 670, 672 (D. Md. 1989).

To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative relief" by containing "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court reviewing a 12(b)(6) motion "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff," *King*, 825 F.3d at 212, bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a plausible claim. *Iqbal*, 556 U.S. at 679.

A "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. But while a court should be reluctant to dismiss a *pro se* complaint, *see, e.g.*, *Haines*, 404 U.S. at 520-21, a *pro se* litigant is not relieved of his duty to properly "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555).

### III.   DISCUSSION

The Court construes the Complaint as alleging six counts: (1) violation of Md. Code Ann., Pub. Safety § 2-504; (2) violation of the Fourth Amendment; (3) violation of the Omnibus Crime Control and Safe Streets Act of 1968 (34 U.S.C. §§ 10101 *et seq.*); (4) violation of Title VI of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000d *et seq.*); (5)

violation of 18 U.S.C. § 242; and (6) negligence.[2] As for relief, Plaintiff seeks monetary compensation, removal of his DNA information from all government databases, and expungement of the rape allegation from investigative records. ECF No. 1 at 6-7.[3]

### A.  State Defendants

The State Defendants argue that Plaintiff's complaint should be dismissed because his claims are barred by the Eleventh Amendment and the complaint also fails to state claims upon which relief can be granted, including because "county police departments are agents of the county and not treated as separate legal entities," ECF No. 15-1 at 2 (quoting *Garnes v. Maryland*, No. 17-cv-1430-RDB, 2018 WL 276425 (D. Md. Jan. 3, 2018)).

The Eleventh Amendment prohibits "[t]he Judicial power of the United States" from "extend[ing] to any suit in law or equity, commenced or prosecuted against one of the United States." U.S. Const. amend. XI. Thus, "an unconsenting State is immune from suits brought in federal courts." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479 (4th Cir. 2015) (quoting *Edelman*, 415 U.S. at 663). This prohibition includes suits against a state by its own citizens. *Edelman v. Jordan*, 511 U.S. 651, 663 (1974).

Plaintiff argues that the "[s]overeign immunity doctrine today has been limited or

---

[2] Though Plaintiff did not explicitly state negligence as a "basis for this filing," as he did with the other counts, the Complaint at its outset alleged that the Defendants lacked "proper oversight and proper training" of its law enforcement officials and expressly invoked the LGTCA and MTCA. Defendants were therefore sufficiently on notice of this claim.

[3] Citations to page numbers refer to the number appearing in the CM/ECF header for this and the other filings referenced herein, which may not align with a document's original page numbering.

5

eliminated" and that, under the Maryland Tort Claims (MTCA), the State Defendants "waive[d] subrogation legislatively thereby [sic] waiving sovereign immunity." ECF No. 21 at 4. But Plaintiff does not appear to assert an MTCA claim against the State Defendants in his complaint, and "a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Sammons v. McCarthy*, 606 F. Supp. 3d 165, 232 (D. Md. 2022) (cleaned up). Moreover, the MTCA only waives the state's sovereign immunity for tort claims "filed in State court." Md. Code Ann. State Gov't § 12-104. This waiver does not extend to the federal courts. *See, e.g.*, *Smith v. Bernier*, 701 F. Supp. 1171, 1174 (D. Md. 1988). And "a state's waiver of immunity from suit in state court 'is not enough to waive the immunity guaranteed by the Eleventh Amendment.'" *Weller*, 901 F.2d at 397-98 (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)). Thus, the State Defendants have not waived sovereign immunity from Plaintiff's § 1983 claims, *id.*, his state law claims, *Lee v. Queen Anne's Cnty. Off. of Sheriff*, No. 13-cv-672-RDB, 2014 WL 476233, at *6 (D. Md. Feb. 5, 2014), or his claims under 18 U.S.C. § 242 and the Omnibus Crime Control and Safe Streets Act of 1968, *Love v. Hogan*, No. 22-cv-1928, 2025 WL 763473, at *1 (4th Cir. Mar. 11, 2025) ("Maryland has not waived its sovereign immunity for federal statutory claims.").

As to Plaintiff's claims under Title VI of the Civil Rights Act of 1964, the analysis is a bit different. Under 42 U.S.C. § 2000d-7, Congress abrogated state sovereign immunity for violations of, among other statutes, "title VI of the Civil Rights Act of 1964, or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance." 42 U.S.C.A. § 2000d-7; *see also Sossamon v. Texas*, 563 U.S. 277, 291 (2011); *Farmer v. Ramsay*, 41 F. Supp. 2d 587, 594 n.5 (D. Md. 1999). But as discussed below, Plaintiff has failed to state a claim under Title VI. *See* § IV.B.iv,

6

*infra.*

A similar analysis applies to Plaintiff's remaining argument that the Court has jurisdiction to hear his claims asserted against the State Defendants under *Ex Parte Young*. ECF No. 21 at 3-4. "Immunity in actions against state officials, is . . . subject to the critical exception announced in *Ex parte Young,* 209 U.S. 123 (1908), under which federal courts may exercise jurisdiction over claims against state officials by persons at risk of or suffering from violations by those officials of federally protected rights, if (1) the violation for which relief is sought is an ongoing one, and (2) the relief sought is only prospective." *Republic of Paraguay v. Allen*, 134 F.3d 622, 627 (4th Cir. 1998). "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit," a court "conduct[s] a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) (citation omitted). Plaintiff does, in part, seek prospective injunctive relief, in the form of "[r]emoval of DNA information" from "government databases" and "[e]xpungement" of certain law enforcement "investigative records." ECF No. 1 at 7. Thus, that aspect of his claim may not be subject to sovereign immunity. But like his Title VI claims, Plaintiff cannot establish that there is any ongoing conduct that would violate the Constitution or a federal statute. *See* IV.B, *infra.*

For these reasons, the State Defendants have sovereign immunity other than with respect to the Title VI and *Ex Parte Young* claims and thus the Court lacks jurisdiction

7

with respect to those claims.[4] But on the merits of those remaining claims, Plaintiff has not stated claims on which relief can be granted, for the reasons discussed below.

### B. County Defendants

The County Defendants make various arguments to dismiss all of the counts asserted against them. AACPD argues that it is an entity that is incapable of being sued. ECF No. 19-1 at 5-6. Additionally, the County Defendants attach exhibits, ECF No. 19-2; ECF No. 19-3, and request summary judgment on the grounds that (1) Plaintiff waived all claims of wrongful conduct against the County Defendants, and (2) Plaintiff's requests for injunctive relief are moot. *See* ECF 19-1 at 10-11; *see also* Fed. R. Civ. P. 12(d). However, because it is not necessary to look beyond the pleadings to dispose of the Complaint, this Court declines the Defendants' invitation and will address each construed count of the Complaint individually. *See George v. Kay*, 632 F.2d 1103, 1106 (4th Cir. 1980) ("*If it is necessary* for the court to look beyond the pleadings, the 12(b)(6) motion must be converted into a motion for summary judgment . . . .") (emphasis added).

### i. Maryland DNA Collection Act

First, Plaintiff invokes the Maryland DNA Collection Act (MDCA). Md. Code Ann., Pub. Safety (PS) § 2-504. But that statute does not provide a private right of action. Accordingly, insofar as he has sued the County Defendants for violating that statute, it is dismissed for failure to state a claim.

---

[4] Courts in the Fourth Circuit treat sovereign immunity as a matter of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *See Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 649 (4th Cir. 2018).

### ii. Fourth Amendment claim

Under 42 U.S.C. § 1983, Plaintiff alleges that the County Defendants violated the Fourth Amendment by collecting his DNA. But the DNA was seized pursuant to a warrant. The existence of a search warrant renders a search presumptively reasonable. *See*, *e.g.*, *Franks v. Delaware*, 438 U.S. 154, 171 (1978). To rebut this presumption, a plaintiff must challenge the facial validity of the warrant by making a substantial preliminary showing that (1) the warrant was issued because of "deliberate falsehood" or "reckless disregard for the truth" and that (2) the false information was essential to the probable cause determination in the warrant. *Id.*; *see also, e.g.*, *Simmons v. Poe*, 47 F.3d 1370, 1383 (4th Cir. 1995) (citing *United States v. Coakley*, 899 F.2d 297, 300 (4th Cir. 1990)) (upholding the denial of a *Franks* hearing in a § 1983 action). Here, Plaintiff's complaint does not allege facts that would state such a claim.

And insofar as the complaint could be construed to assert a claim under *Monell v. Dep't of Soc. Servs. Of City of N.Y.*, 436 U.S. 658 (1978) for "implement[ing] or execut[ing] a policy statement, ordinance, regulation, or decision, officially adopted and promulgated by that body's officers," *id.* at 690, Plaintiff has not pled "the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of [his] rights." *Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir. 1999) (quoting *Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994)); *Flanagan v. Anne Arundel Cnty.*, 593 F.Supp.2d 803, 810 (D. Md. 2009) ("Plaintiffs' inability to point to any specific policy or custom is fatal to their case.").

Plaintiff's § 1983 claim does not state a claim on which relief can be granted.

### iii. Omnibus Crime Control and Safe Streets Act

Next, Plaintiff invokes the "Omnibus Crime Control and Safe Streets Act of 1968."

9

ECF No. 1 at p. 2. There is nothing in the Complaint to indicate under what specific provision Plaintiff is attempting to assert a cause of action. Because Defendants and the Court are only left to "speculate" as to "which provision of the law the plaintiff's claim is based," *Adams v. John Alden Life Ins. Co.*, No. 91-cv-2899, 1992 WL 165806, at *2 (D. Md. Jun. 30, 1992), Plaintiff has failed to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (citation omitted), and this claim too will be dismissed.

### iv.    Title VI of the Civil Rights Act of 1964

Title VI of the Civil Rights Act of 1964 prohibits any person from being "excluded from participation in, . . . denied the benefits of, or . . . subjected to discrimination under any program or activity receiving Federal financial assistance" "on the ground of race, color, or national origin." 42 U.S.C. § 2000d. But there is nothing in the complaint to support a reasonable inference that a "program or activity receiving Federal financial assistance" is related to this case.

### v.    18 U.S.C. § 242

18 U.S.C. § 242 makes it a crime to "willfully subject[] any person . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." But "18 U.S.C. § 242 is a criminal statute and does not provide a private right of action." *Burnett v. Edward A. Garmatz U.S. District Courthouse*, No. 25-1068, 2025 WL 1134564, at *3 (D. Md. Apr. 17, 2025) (citing *Turner v. Beal*, No. 18-cv-100, 2018 WL 10156104, at *2 (E.D. Va. Oct. 12, 2018), *aff'd*, 748 F. App'x 565 (4th Cir. 2019)). Thus, Plaintiff cannot bring a civil case against the County Defendants under 18 U.S.C. § 242.

### vi. Negligence

To establish a negligence claim, Plaintiff must allege facts demonstrating that "(1) the defendant owes the plaintiff a duty of care, (2) the defendant breached that duty, (3) the plaintiff sustained an injury or loss, and (4) the defendant's breach of the duty was the proximate cause of the plaintiff's injury." *Balfour Beatty Infrastructure, Inc. v. Rummel Klepper & Kahl, LLP*, 451 Md. 600, 610 (2017) (citing *100 Inv. Ltd. P'ship v. Columbia Town Ctr. Title Co.*, 430 Md. 197, 213 (2013)). To state a negligence claim on the basis of improper training or supervision, Plaintiff must allege not only that a supervisor was negligent in failing to train their subordinates, but also that the failure to train *proximately caused* the subordinate employee to commit some wrongdoing that harmed Plaintiff. *Jones v. State*, 425 Md. 1, 18 (2012) (citing *Horridge v. St. Mary's Cnty. Dep't of Soc. Servs.*, 382 Md. 170, 180 (2004)).

Here, the Complaint simply mentions that there was a "lack of proper oversight and proper training of Law Enforcement officials in discharge of their public duties, as Police Officers." ECF No. 1 at 2. This conclusory allegation does not establish any facts to support a reasonable inference that the County Defendants breached any duty of care owed to the Plaintiff. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citing *Twombly*, 550 U.S. at 555)). Therefore, Plaintiff has not stated a negligence claim.

### IV.  CONCLUSION

For the reasons discussed above, the Court will GRANT the motions to dismiss (ECF Nos. 15, 19) as to all Defendants, and Plaintiff's case will be dismissed without prejudice. A separate order follows.

Date:  August 20, 2025

                                          */s/*
                                  Adam B. Abelson
                                  United States District Judge